NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS GUILA-GARCIA, AKA Carlos Guila, AKA Carlos Guila Garcia, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  15-73206 <br><br> Agency No. A206-408-815 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Carlos Guila-Garcia, a native and citizen of Peru, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at 1241-42. We deny in part and dismiss in part the petition for review.

Guila-Garcia does not challenge the BIA's determination that he waived his asylum claim on appeal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). To the extent Guila-Garcia argues the merits of his asylum claim, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Guila-Garcia failed to establish he suffered harm that rises to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is "an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive." (internal quotation marks omitted)); *see also Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution). The agency also did not err in concluding that Guila-Garcia did not

establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Guila-Garcia's withholding of removal claim fails.

Guila-Garcia does not challenge, and therefore waives, the agency's denial of CAT relief and the denial of a continuance. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

We reject as unsupported by the record Guila-Garcia's contentions that the agency violated his right to due process, ignored evidence, or otherwise erred in its analysis of his case.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-73206